UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
SANJAY DUTT,

                Plaintiff,

  - against -

YOUNG ADULT INSTITUTE, INC., and
GEORGE CONTOS,

                Defendants.
------------------------------------------X

17 Civ. 5855 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiff

    KRAUSS PLLC
    41 Madison Avenue, Suite 4102
    New York, NY 10010
    By:  Geri Sprung Krauss, Esq.

    Attorneys for Defendants

    CLIFTON BUDD & DEMARIA, LLP
    The Empire State Building
    350 Fifth Avenue, Suite 6110
    New York, NY 10118
    By:   Daniel C. Moreland, Esq.
         Stephen Paul Pischl, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/19

**Sweet, D.J.**

Defendants Young Adult Institute, Inc. ("YAI") and George Contos ("Contos") (collectively, the "Defendants") move for reconsideration of this Court's June 27, 2018 denial of dismissal of the first cause of action of the amended complaint ("Amended Complaint") of the plaintiff, Sanjay Dutt ("Dutt" or the "Plaintiff"). ECF No. 33. For the reasons set forth below, Defendants' motion for reconsideration is denied.

**Prior Proceedings**

Plaintiff filed his initial complaint on August 2, 2017. ECF No. 1. After the filing by the Defendants of a first motion to dismiss on October 17, 2017, see ECF No. 15, the Amended Complaint was filed on November 7, 2017, see ECF No. 19, mooting the first motion to dismiss. On December 4, 2017 Defendants moved to dismiss the first, second, seventh, and eighth causes of action in the Amended Complaint on the grounds that Sanjay Dutt ("Dutt" or the "Plaintiff") failed to state a plausible claim for breach of contract or quasi-contract under New York law. ECF No. 23. Defendants' motion to dismiss was heard and marked fully submitted on February 21, 2018.

1

On June 26, 2018, this Court denied Defendants' motion to dismiss the first, seventh, and eighth causes of action, and granted Defendants' motion to dismiss the second cause of action. ECF No. 33.

On July 10, 2018, Defendants moved the Court to reconsider its denial of dismissal of the first cause of action. ECF No. 33. That motion was taken on submission and marked returnable on August 8, 2018. ECF No. 35.

**Applicable Standard**

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisenmann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (internal quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted). The standard for granting such a motion is "strict" and should only be done when the movant "can

point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**Plaintiff's Motion for Reconsideration is Denied**

In its motion for reconsideration, Defendants first contend that this Court erred by failing to consider Plaintiff's reasonable reliance when evaluating the plausibility of his claim for breach of the anti-retaliation provision of YAI's Code of Conduct (the "Code of Conduct"). Defs.' Memo in Supp. of Recons. at 7-11, ECF No. 34. A more thorough analysis as to this element, however, would not be reasonably expected to change the result.

Defendants' rely on *Baron v. Port Auth. Of N.Y. & N.J.*, 271 F.3d 81 (2d Cir. 2001), and *Lobosco v. N.Y. Tel.*, 96 N.Y.2d 312 (2001), for the proposition that the disclaiming

language here defeats Plaintiff's reasonable reliance as a matter of law. Defs.' Mem. in Supp. at 9. However, *Baron* and *Lobosco* dealt only with the effects of "conspicuous" and "unambiguous" disclaiming language which was contained in the *same document* as the language purportedly establishing the employee's rights. *See* 271 F.3d at 87 ("The New York Court of Appeals' recent decision in [*Lobosco v. N.Y. Tel.*, 96 N.Y. 2d 412 (2001)] . . . makes clear that 'conspicuous disclaiming language' in an employee handbook 'preserves [the employer's] . . . at will employment relationship with' its employees as far as the provisions in an employee handbook are concerned."); *see id.* (finding that it would be objectively unreasonable for plaintiffs to rely on writings as creating implied contract where unambiguous disclaimers were contained in those same writings). In this case, by contrast, this Court determined that the disclaimer contained in YAI's Personnel Practices Manual ("PPM") is not "sufficiently unambiguous" to warrant dismissal on this claim. Op. at 21. Moreover, as Defendants acknowledged in their papers supporting their motion to dismiss, "the disclaimer language here is found in YAI's PPM--a discrete document, separate and apart from the Code [of Conduct], which contains the anti-retaliation provision." Defs.' Mem. in Supp. of Mot. to Dismiss at 26. Accordingly, Defendants fail to cite any controlling law holding that, where, as here, the disclaimer

4

language is ambiguous, an employee's reliance on a non-retaliation provision contained in a separate document would be objectively unreasonable.[1]

Defendants next aver that this Court "misapplied the 'totality of the circumstances' analysis in evaluating whether the PPM's disclaiming language was ambiguous, making its findings not on the explicit language itself, but on allegations of the extrinsic circumstances surrounding the publication of the PPM and the Code of Conduct." Defs.' Mem. in Supp. at 8. However, this Court's ambiguity finding was based on the limitation set forth in the language of the disclaimer itself, which stated that YAI's freedom "to terminate the employment relationship at any time" is "limited to reasons 'not prohibited by law.'" See Op. at 21-22. Then, having found the disclaimer language "not 'sufficiently unambiguous,'" this Court held that discovery was warranted. Id. at 22. Contrary to Defendants' contention, this Court's holding is therefore not a misapplication of Baron. See 271 F.3d at 88 ("[W]here a

---

[1] Defendants also cite several district court decisions in support of their argument about Plaintiff's reasonable reliance. See Defs.' Mem. in Supp. of Recons. at 9-10; Defs.' Mem. in Supp. of Mot. to Dismiss at 14-18. These decisions are not binding on this Court and are therefore not discussed further in this Opinion. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (internal quotation marks and citation omitted).

5

*sufficiently unambiguous* disclaimer, conspicuously placed in the employee handbook such that the employee reasonably could be expected to read it is at issue, the totality of the circumstances inquiry is unnecessary[.]") (emphasis added).

Finally, Defendants contend that the Court overlooked controlling authority and factual matters to the extent it treated the CIA as having any effect on Plaintiff's claims relative to his termination.

Defendants first argue that because the Court found that Plaintiff is not an intended beneficiary of the CIA, it would be error to consider the CIA's effect on Plaintiff's breach of contract claim. *See* Defs.' Mem. in Supp. of Recons. at 15. However, the CIA is relevant insofar as it relates to Dutt's rights and YAI's obligations under the Code of Conduct and YAI's inability to amend, change, modify, or abandon any of the obligations imposed under the CIA. *See* Op. at 22 ("[T]he CIA constitutes a valid and binding contract, and Defendants' allegedly retaliatory firing of Dutt may have been prohibited by the law of the agreements entered into pursuant to the Medicaid Fraud Settlement."). Significantly, Defendants point to no case law to support the contention that such a consideration was improper.

6

Second, Defendants argue that, even if Dutt had enforceable rights under the CIA, the CIA expired prior to the alleged retaliatory act and it therefore had no bearing on Dutt's claim. Defs.' Mem. in Supp. of Recons. at 15. This argument is unavailing because the Amended Complaint ("AC") alleges that (1) retaliatory acts commenced in December 2015, prior to the expiration of the CIA, see AC ¶¶ 52-59; and (2) Dutt's termination was decided upon before the expiration of the CIA and was deliberately delayed until after its expiration in order to avoid any extension, id. ¶ 47. Again, Defendants cite no controlling authority or other basis for granting reconsideration on this ground.

Defendants' final argument on this issue is that any consideration of the circumstances under which YAI was required to adopt the Code of Conduct is error because they never provided Dutt with an enforceable statutory or contractual right to challenge his discharge. Defs.' Mem. in Supp. of Recons. at 15-16. Pointing to *Sullivan v. Harnisch*, 19 N.Y.3d 259 (2012), *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329 (1987), and *Horn v. N.Y. Times*, 100 N.Y.2d 85 (2003), Defendants contend that the Court "must not impose limitations where the legislature did not see fit to adopt one." Defs.' Mem. in Supp. of Recons. at 17.

7

These cases are inapposite, however, as they involved plaintiffs who failed to identify any written policy forbidding the company's conduct at issue. Moreover, as Defendants acknowledge, the Code of Conduct can be converted into a binding contract enforceable against YAI where the three elements described in *Baron* are satisfied. *See id.* at 13. The Court found those elements satisfied here, and nothing in *Sullivan*, *Sabetay*, or *Horn* mandates a conclusion to the contrary.

**Conclusion**

Based on the conclusions set forth above, Plaintiff's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**February 5, 2019**

_____
**ROBERT W. SWEET**
**U.S.D.J.**